## BARE v. WRIGHT.

Costs: HUSBAND AND WIFE. A husband, separated from his wife on account of differences existing between them, authorized her, in his absence, to sell his farm for a certain price per acre, of which she was to have one-third. She accordingly sold the farm for this price to a purchaser who agreed to give her the further sum of five dollars per acre as a bonus to herself. A part of the purchase-money was paid to the wife who used it in the purchase of a small farm for herself, the deed to which was made to a friend to be held in trust for her. The purchaser also borrowed $300 of this friend to enable him to make this payment of the purchase-money. The balance was to be paid when the husband should execute the deed. The purchaser afterward tendered to the husband this balance, except the further sum he was to pay the wife, and demanded a deed which he refused to execute; whereupon the purchaser instituted suit to enforce specific performance, and after the same was submitted to the court

to be tried in vacation, the plaintiff filed an amended petition, in which he offered to pay the defendant, or into court, the additional sum agreed to be paid to the wife. It also appeared that the friend to whom the title of the place purchased by the wife was made in trust, claimed a lien thereon for the $300 loaned to the plaintiff, and that this claim of his was not released until after the case was submitted : *Held,*

1. That under the peculiar circumstances of the case the plaintiff should pay the costs of the proceeding.

2. That the facts shown did not have the effect to defeat the sale, especially, as the husband received the benefit of the sum agreed to be paid to the wife.

*Appeal from Wapello District Court.*

WEDNESDAY, JULY 31.

PETITION in equity for a specific performance. There was a decree for plaintiff and defendant appeals.

*S. W. Summers* for the appellant.

*Hendershott & Burton* for the appellee.

COLE, J.— The defendant, John E. Wright, who alone appeals, had some differences with his then wife and co-defendant, and left his home and family in 1861 or 1862, and sometime thereafter entered the military service.

His continuance therein was not long. He afterward was engaged as a sutler and remained in the South. The transcript discloses the fact of differences between the defendant, John E. Wright, and his wife, Rebecca; that Rebecca remained home with the children on the farm, owned by defendant, John E.; that some agreement had been made between them whereby Rebecca was to have one-third of the proceeds of the farm when sold. It also appears from the letters of the defendant, John E., to Rebecca. that he authorized and urged her

to sell the farm for twenty-five dollars per acre. She did sell it to the plaintiff, Bare, at that price, and he agreed to give her the further sum of five dollars per acre on her third part, there being two hundred acres in all. This further sum amounted to three hundred and thirty-three and one-third dollars.

The defendant was advised of this sale and of its terms, except of the fact of the agreement for the payment of the further sum, and approved and ratified it, and proposed to execute and acknowledge a deed as soon as one was forwarded to him. The plaintiff took possession of the farm and land in controversy, and paid thereon to Rebecca the sum of seventeen hundred and fifty dollars, which was used by her in the purchase of a small farm for herself. The deed to this small farm was made to a friend of the defendant, Rebecca, to be held by him in trust for her. The plaintiff borrowed three hundred dollars of this friend of Rebecca, to enable him to make the payment. The balance of the purchase-money was to be paid on the delivery of the deed by defendants to plaintiffs for the property in controversy. Before bringing this suit the plaintiff tendered to defendant, John E., the balance of the purchase price, except the further sum he was to give or pay Rebecca, and demanded a deed, which was refused.

After the cause was submitted to be tried in vacation, the plaintiff filed an amended petition, in which he offered to pay to the defendants or into court for their benefit, the three hundred and thirty-three and one-third dollars agreed by him to be given or paid to Rebecca. It also appears in evidence that the friend of Rebecca to whom the title of the small farm purchased by him was conveyed, claimed a lien thereon for the three hundred dollars loaned by him to the plaintiff. This claim of his was not released until after the order of submission.

In view of these facts it was error for the District Court to render judgment in favor of plaintiff for the costs. Under the peculiar circumstances of this case, the plaintiff should pay the costs.

A careful examination of all the testimony in the cause has fully satisfied us that the judgment of the District Court is correct in every thing except costs. It is satisfactorily proved that the defendant John E. authorized and urged his wife to sell the land at twenty-five dollars per acre, and ratified the sale after it was made. The fact that plaintiff agreed to pay, or, as he and she call it, "give to Rebecca as a present for signing the deed," the further sum as stated, would not have the effect, under the peculiar circumstances of this case, to defeat the sale, especially as the defendant John E. has the benefit of it. The proof as to the value of the land does not show such indequacy of price (if indeed it shows any at all), as would defeat a claim for specific performance.

The decree of the District Court will be affirmed, with the modification suggested as to costs. The appellee will pay costs in this court.

Modified and affirmed.